UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ELIJAH GREER,

        Plaintiff,

v.

K. RYDER, Corrections Officer, et al.,

        Defendants.

_____

25-CV-6262-FPG

ORDER

*Pro se* Plaintiff, Elijah Greer, a prisoner confined at the Otisville Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights arising from his confinement on January 18, 2023, in Cape Vincent, Jefferson County, New York. ECF No. 1. For the reasons set forth below, this action is transferred to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1406(a).

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could

have been brought." 28 U.S.C. § 1406(a). "A district court may transfer a case pursuant to 28 U.S.C. § 1406(a) *sua sponte*." *Grefer v. Chirco*, No. 6:23-CV-6047-EAW, 2023 WL 1798728, at *1 (W.D.N.Y. Feb. 7, 2023). The purpose of the § 1406(a) transfer provision is to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)).

Here, all the events underlying the claims asserted in the complaint are alleged to have occurred in Cape Vincent, New York, which located in Jefferson County and thus within the geographical confines of the Northern District. Moreover, Plaintiff does not allege that any of the individual Defendants reside within this District. *See* 28 U.S.C. § 1391(c)(1); *see also Kirk v. N.Y. State Dep't of Ed.*, No. 08-CV-6016 (CJS), 2008 WL 819632, at *3 (W.D.N.Y. Mar. 25, 2008) ("[W]here . . . public officials are sued in their official capacities, 'residence' for venue purposes is where they perform their official duties." (internal quotation marks and citation omitted)). Thus, there is no apparent basis for venue in the Western District.

## CONCLUSION

Based upon the foregoing, this Court finds that venue Plaintiff's action is not proper in this District. In the interest of justice, this action is transferred to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1406(a). This Court makes no ruling as to the sufficiency of the Complaint, nor does it consider the merits of Plaintiff's Motion to proceed *in forma pauperis*; instead, the Court leaves those issues to the Northern District.

SO ORDERED.

Dated: August 5, 2025
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
UNITED STATES DISTRICT JUDGE

2